UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 9:22-cv-80815-WPD

REEF AZUL, LLC and ROSIBEL
MARTINO

    Plaintiffs,

vs.

STEVEN M. POTTER and NICHOLAS G.
POTTER

    Defendants.

**PLAINTIFF ROSIBEL MARTINO'S MOTION FOR SANCTIONS
AGAINST THOMAS DEAGOSTINO, ESQ. PURSUANT TO
28 U.S.C. § 1927 & INCORPORATED MEMORANDUM OF LAW**

Plaintiff ROSIBEL MARTINO, by and through undersigned counsel and pursuant to 28 U.S.C. § 1927, moves this Court for entry of an order requiring attorney THOMAS DEAGOSTINO, ESQ. ("Deagostino") to pay Ms. Martino's costs, expenses, and attorney's fees reasonably incurred for having to respond to defendant STEVEN M. POTTER's ("Potter") vexatious counterclaim [D.E. 15]. As grounds for this motion, Ms. Martino states:

**I**

**INTRODUCTION**

As will be explained in this motion, Potter (a Licensed Michigan attorney) and his law partner Deagostino (a licensed Michigan and Florida attorney) engaged in scheme calculated to interfere with the adjudication of this matter to harass and intimidate Ms. Martino and multiply this litigation. Specifically, Deagostino filed a bad faith counterclaim on behalf of Potter (his law partner) against Ms. Martino that had no plausible legal or factual basis as it was based on a litigation privileged communication -- an email sent by her lawyer on May 15, 2022, to an

attorney/mediator chosen by Potter to help the parties try to achieve an early resolution of plaintiffs' lawsuit filed on May 11, 2022.

In the counterclaim, Deagostino falsely alleged in that Ms. Martino had attempted to extort a settlement from Mr. Potter by threatening a defamation claim (Ms. Martino's lawsuit already contained a defamation claim when the email was sent). The pièce de résistance of the counterclaim was a demand for punitive damages against Ms. Martino -- damages which could never be recovered because the underlying claim was meritless. Since the counterclaim lacked any plausible legal or factual basis, the only purpose it could have served was to harass and intimidate Ms. Martino and multiply these proceedings. Because the counterclaim was filed in bad faith, Ms. Martino is entitled to an award of her costs, expenses, and attorney's fees reasonably incurred for having to respond to it.

II

**BACKGROUND**

This case arises out of billing dispute. In 2021, Mr. Potter engaged plaintiff REEF AZUL, LLC ("Reef Azul") to act as an owner's agent in connection with the renovation of his condominium in Highland Beach. Reef Azul was referred to Mr. Potter by a mutual friend -- a Michigan attorney and part-time Florida resident ("G.S."). The renovation was completed in or around April/May 2022. When Reef Azul submitted its final bill, Potter refused to pay it. When litigation was threatened against Potter over the final bill and his defamation, he told Ms. Martino he would "destroy" her in court if she sued him.

On May 11, 2022, Ms. Martino filed a lawsuit against Potter and his son (co-owner of the condominium). The complaint contained (among other things) a claim for defamation by Ms.

Martino against Steven Potter. Mr. Kopas sent Potter a pre-service copy of the complaint by email on May 11, 2022.

**Early Mediation Attempted.** On May 11, 2022, Potter emailed Mr. Kopas and asked if plaintiffs would be willing to attempt an early mediation with G.S. serving as mediator. Mr. Kopas agreed. On May 15, 2022, Mr. Kopas sent an email to G.S. explaining plaintiffs' side of the case. The email -- entitled "Steven Potter Renovation" -- was copied to defendants. [See attached Exhibit]. Ultimately, the parties reached an impasse and (upon information and belief) defendants tendered plaintiffs' claim to their homeowner insurance carrier, who engaged Williams Leininger Cosby to represent them under a reservation of rights.[1] This case was then removed to federal court based on diversity jurisdiction [See D.E. 1].

**The Frivolous Counterclaim.** On July 25, 2022, Potter filed a one count counterclaim in this case suing Rosibel Martino for abuse of process based on the May 15, 2022, email. [D.E. 15]. The way the counterclaim filed was facially odd in that it was filed as a stand-alone counterclaim and not part of the answer as required by the Federal Rules of Civil Procedure. See Allapattah Servs., Inc. v. Exxon Corp., 333 F.3d 1248, 1259 n.14 (11th Cir. 2003) ("Ordinarily, a party must assert a counterclaim in its pleadings."); Vulcan Mktg., Inc. v. Tech. Consumer Prods., Inc., 614 F. Supp. 2d 1253, 1256 (N.D. Ala. 2009) (for a litigant to properly assert a counterclaim, it must "be filed with [the] answer"); New York Marine & General Ins. Co. v. Boss Interior Contractors, Inc., Case No.: 20-cv-23777-BLOOM/Louis (S.D. Fla., Jan. 29, 2021) (same). Moreover, the counterclaim was signed *only by Deagostino* of POTTER, DEAGOSTINO, O'DEA & CLARK

---

[1] Plaintiffs' counsel has made two demands for insurance information to defendants pursuant to Fla. Stat. § 627.4137 -- the second one on June 8, 2022, to attorney Philip Wiseberg of Williams Leininger Cosby -- but defendants refuse to provide their insurance policies or reveal the limits of their coverage.

(Potter's law partner), but not by attorney Phillip Wiseberg of Williams Leininger Cosby who (with Deagostino) signed the answer (filed the same day).  [Compare D.E. 14 with D.E. 15].

After reading the counterclaim it became very clear why Mr. Wiseberg did not sign it and why it was filed as a stand-alone pleading by Potter's partner in violation of the Rules of Civil Procedure.  The counterclaim was completely frivolous.

The counterclaim contained one count for abuse of process and was based on a statement Mr. Kopas made in the May 15, 2022 email to mediator/attorney G.S about this case.  It is well-settled that such communications are **absolutely litigation privileged** under Florida law and **never** could serve as the basis for an abuse of process claim.  See Echevarria, McCalla, Rayker, Barret & Frappier v. Cole, 950 So.2d 380 (Fla. 2007) (reaffirming that "[a]bsolute immunity must be afforded to any act occurring during the course of a judicial proceeding…so long as the act has some relation to the proceeding"); Wolfe v. Foreman, 128 So.3d 67 (Fla. 3d DCA 2013) (granting judgment on the pleadings in favor of law firm on abuse of process claim); LatAm Invs., LLC v. Holland & Knight, LLP, 88 So.3d 240 (Fla. 3d DCA 2011) (litigation privilege applies to abuse of process claims where the conduct occurred during and was related to the judicial proceedings); Am. Nat'l Title & Escrow of Fla. v. Guarantee Title & Trust Co., 748 So.2d 1054, 1055 (Fla. 4th DCA 2000) (affirming trial court's order granting summary judgment in favor of the law firm in an action for abuse of process on the basis of absolute immunity); Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So.2d 606, 608 (Fla.1994) ("[W]e find that absolute immunity must be afforded to any act occurring during the course of a judicial proceeding, regardless of whether the act involves a defamatory statement or other tortious behavior…so long as the act has some relation to the proceeding...[P]articipants [must] be free to

use their best judgment in prosecuting or defending a lawsuit without fear of having to defend their actions in a subsequent civil action for misconduct.")

Under Fed. R. Civ. P. 408, which governs settlement discussions, the email also is inadmissible evidence. Deagostino understands this -- his emails end with the following disclaimer under his signature:

> Offers of compromise: This email may contain an offer to compromise or contain a negotiation to compromise or settle a disputed fact or claim. Therefore, this communication is protected pursuant to MRE 408.[2]

To support the specious abuse of process claim, Deagostino went further and misrepresented a statement made in the email to make it appear as if Ms. Martino (through Mr. Kopas) had tried to extort a settlement from Potter. Specifically, the counterclaim alleged:

> That Rosibel Martino, through her attorney, *stated in an email that a defamation claim was going to be made* against Steven M. Potter *for the purpose of* offsetting any "discount" that Steven M. Potter was hoping to achieve on the final bill forwarded to him by Ms. Martino and Reef Azul, LLC, regarding the renovation of his property located at 3908 S. Ocean Blvd., Unit 346, Highland Beach, Florida.

[D.E. 15, ¶ 1 (emphasis added). The allegation is false. At the time the email was sent (May 15, 2022) the Complaint had been filed *four days earlier* [See D.E. 1, Ex. 2, p. 10 (State Court Complaint)], with a pre-service copy provided to Potter the day of filing, and already contained a defamation claim (Count 3). The actual statement made in the May 15, 2022, email was: "My client's damages in the defamation case easily will offset or exceed any 'discount' Mr. Potter could hope to achieve on his bill in litigation" (see attached).

---

[2] "MRE 408" is a reference to Michigan Rule of Evidence 408, which governs the admissibility into evidence of settlement discussions and is substantially similar to Federal Rule of Evidence 408.

The reason for misrepresenting the email was so Potter could falsely accuse Ms. Martino of extortion -- a crime under Florida law and defamation *per se* if not made within the context of litigation -- then use the false extortion accusation as a springboard for punitive damages. In this regard, the counterclaim alleged:

> 3. That the defamation count was pled for the sole purpose of attempting to extort money from Defendant.
>
> 4. That as a proximate result of the aforesaid abuse of process, Defendant/Counter-Plaintiff, Steven M. Potter has been forced to hire an attorney to defend against the improper allegations; *and because of the malice accompanying the abuse of process as articulated by Plaintiffs' attorney,* **_is entitled to exemplary and/or punitive damages._**

[D.E. 15, ¶¶ 3–4 (emphasis added)]. Putting aside that Paragraph 4 and its punitive damages threat does not meet the substantive requirements of Fla. Stat. § 768.72 -- that is, no reference is made to "intentional misconduct" or "gross negligence" -- punitive damages could **never** be recovered from Ms. Martino. If the underlying claim was meritless, then *a fortiori* so was the demand for punitive damages predicated upon it.

In response to the counterclaim, Ms. Martino filed a motion to dismiss and served Potter and his law firm (POTTER, DEAGOSTINO, O'DEA & CLARK) with a Rule 11 letter and draft motion identifying Florida law on the litigation privilege. On August 5, 2022 -- the Friday before Monday August 8, 2022, when Potter would have to explain to this Court in response to a motion to dismiss why his claim was facially plausible, and within Rule 11's 21-day safe harbor -- Deagostino filed a voluntarily dismissal of the counterclaim without prejudice. The Court approved the dismissal later that day.

## III

## DISCUSSION

28 U.S.C. § 1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 imposes three essential requirements for an award of sanctions:

> First, the attorney must engage in "unreasonable and vexatious" conduct. Second, that "unreasonable and vexatious" conduct must be conduct that "multiplies the proceedings." Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, i.e., the sanction may not exceed the "costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

Amlong & Amlong, P.A. v. Denny's Inc., 500 F.3d 1230 (11th Cir. 2007). An attorney multiplies proceedings "unreasonably and vexatiously" within the meaning of the statute when his or her conduct is so egregious that it is "tantamount to bad faith." Id. For purposes of § 1927, bad faith does not turn on the attorney's subjective intent, but on his or her objective conduct. Id. "In short, a district court may impose sanctions for egregious conduct by an attorney even if the attorney acted without the specific purpose or intent to multiply the proceedings." Id. However, "the attorney's subjective state of mind is frequently an important piece of the calculus, because a given act is more likely to fall outside the bounds of acceptable conduct and therefore be 'unreasonable and vexatious' if it is done with a malicious purpose or intent." Id.

If an attorney knowingly or recklessly pursues a frivolous claim, 28 U.S.C. § 1927 is satisfied. Id.; see also Torres v. City of Orlando, 264 F. Supp. 2d 1046 (M.D. Fla. 2003) ("Plaintiffs counsel's intentional, continued prosecution of this case, which had no plausible legal or factual basis, was unreasonable and vexatious to the judicial process and tantamount to bad

faith"). Here, the counterclaim -- with its defamatory statement that Ms. Martino committed extortion -- clearly was filed in bad faith as it had no plausible legal or factual basis. An abuse of process claim based on the May 15, 2022, email is barred by Florida's litigation privilege full-stop. And the email was not an act of extortion.

Worse still, the counterclaim violated Fed. R. Civ. P. 11 and the standards of professional conduct governing Florida lawyers. Cf. Torres, *supra* (lamenting that "[t]oo many attorneys...have allowed the objectives of the client to override their ancient duties as officers of the court" and noting that "[a]n attorney's ethical obligation of zealous advocacy on behalf of his or her client does not amount to carte blanche to burden the federal courts by pursuing claims that are frivolous on the merits."). First and foremost, Fed. R. Civ. P. 11 -- which governs the signing of pleadings -- makes clear that filing a bad faith claims like the abuse of process claim in the counterclaim at issue here constitutes a quasi-fraud on the court:

> **Rule 11— Signing of Pleadings, Motions, and Other Papers; Representations to Court; Sanctions**
> ***
>
> **(b) Representations to Court.** By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading…an attorney…is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, —
>
> **(1)** it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;
>
> **(3)** the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary

>support after a reasonable opportunity for further investigation or discovery…

With the filing of the counterclaim, Deagostino made several misrepresentations to this Court, including:

- ➢ That he made a "reasonable inquiry under the circumstances" into the merits of the claim, when he never researched Florida law on litigation privilege or just disregarded it (after almost four decades of litigation experience);

- ➢ That Florida law supports an abuse of process claim based on a statement made by an attorney to a mediator during mediation about the case being mediated, when it does not (See <u>Echevarria</u>, *et al., supra*);

- ➢ Misrepresenting the substance of the communication that served as the basis for the abuse of process claim to make it appear as if Ms. Martino had committed extortion; and

- ➢ That the counterclaim served a "proper purpose," when its true purpose was to harass and intimidate Ms. Martino with a bogus threat of non-recoverable punitive damages.

Indeed, by taking a voluntary dismissal while facing a Rule 11 letter and on the eve of having to justify the counterclaim to the Court in a response to a motion to dismiss -- which only required Potter to demonstrate that the claim was "plausible on its face" under <u>Iqbal</u> -- Deagostino tacitly (if not more) acknowledged that the counterclaim was meritless.

In addition to violating Rule 11, Mr. Deagostino's act of filing a bad faith counterclaim violated several rules of professional conduct under the Florida Bar's rules of professional responsibility, including:

- ➢ PREAMBLE: "A lawyer should use the law's procedures only for legitimate purposes and not to harass or intimidate others. A lawyer should demonstrate respect for the legal system and for those who serve it, including judges, other lawyers, and public officials…[I]t is also a lawyer's duty to uphold legal process."

- ➢ "RULE 4-3.3 CANDOR TOWARD THE TRIBUNAL (a) False Evidence; Duty to Disclose. A lawyer shall not knowingly: (1) make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer…"

- ➢ "RULE 4-3.2 EXPEDITING LITIGATION A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client."

WHEREFORE, Ms. Martino moves this Court to hold an in-person evidentiary hearing on this motion, for entry of an order sanctioning Deagostino by paying Ms. Martino's costs, expenses, and attorney's fees reasonably incurred for having to respond to the vexatious counterclaim (pursuant to 28 U.S.C. § 1927 or, alternatively, the Court's inherent authority), and for such other and further relief the Court deems just and proper.

**CERTIFICATE PURSUANT TO S.D. FLA. L. R. 7.1**

       I, IVAN JOHN KOPAS, ESQ., certify that I have conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in this motion and has been unable to do so.  Specifically, I sent a draft copy of this motion to attorney Thomas Deagostino by email (copied to Phillip Wiseberg, Esq.) on Saturday, August 6, 2022, which stated, "Mr. Deagostino – please see the attached motion for sanctions I am filing against you next week.  It does not appear that this type of motion is exempt from Local Rule 7.1's meet-and-confer requirement.  Accordingly, please let me know your position on the motion."  On August 8, 2022, I received an email from Mr. Deagostino at 4:25PM that read, "I will not concur in your motion for sanctions."  Mr. Wiseberg did not respond to my email, but he did not sign the counterclaim so there is no basis for sanctions against him.  This motion does not seek sanctions against Mr. Wiseberg or Steven Potter.  Since sending the email, I made some changes to the motion, but they are minor and the motion being filed is substantively interchangeable with the draft I sent to Mr. Deagostino.

                                                Dated: August 8, 2022.

                                                IVAN JOHN KOPAS, P.A.
                                                530 38th Street
                                                West Palm Beach, FL 33407
                                                Telephone: (954) 614-0611
                                                Facsimile: (954) 206-2266

                                                By:     s/IVAN JOHN KOPAS
                                                IVAN JOHN KOPAS
                                                Florida Bar No.: 503711
                                                Email: kopaspa@gmail.com