UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-80815-CIV-DIMITROULEAS/MCCABE

REEF AZUL, LLC and ROSIBEL
MARTINO,

    Plaintiffs,
v.

STEVEN M. POTTER and NICHOLAS G.
POTTER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS MATTER** comes before the Court upon Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 ("Motion") (DE 25), which was referred to the undersigned by United States District Judge William P. Dimitrouleas (DE 26) for a Report and Recommendation. For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion be **DENIED**.

**I.**     **Background**

This case involves a billing dispute over a condominium renovation project (DE 12). On July 25, 2022, one of the Defendants, Steven Potter, filed a counterclaim against one of the Plaintiffs, Rosibel Martino (DE 15). Plaintiff responded by serving a Rule 11 letter on Defendant (DE 25 at 6). The Rule 11 letter worked. Within days of receiving it – and within the safe harbor period allowed by Rule 11(c)(2) – Defendant took a voluntarily dismissal of the counterclaim (DE 22). In total, the counterclaim remained pending for only eleven (11) days.

Plaintiff now seeks sanctions, pursuant 28 U.S.C. § 1927, against Defendant's attorney, Thomas DeAgostino, in his individual capacity.

**II.     Analysis**

Pursuant to 28 U.S.C. § 1927, federal courts can sanction an attorney, personally, if that attorney "multiplies the proceedings in any case unreasonably and vexatiously." Here, Plaintiff rests much of her argument on the counterclaim's alleged lack of merit (DE 25). To warrant Section 1927 sanctions, however, an attorney must do more than merely pursue meritless claims; if that were the standard, sanctions "would be due in every case." *See McMahan v. Toto*, 256 F.3d 1120, 1129 (11th Cir. 2001). Rather, Section 1927 sanctions can be imposed only when an attorney's conduct is so egregious that it is "tantamount to bad faith." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1239 (11th Cir. 2007). In this context, "bad faith turns not on the attorney's subjective intent, but on the attorney's objective conduct." *Id.*

The burden of demonstrating bad faith under Section 1927 is "high." *See Weinstock v. Storm Tight Windows, Inc.*, No. 20-CV-60256, 2021 WL 3239460, at *4 (S.D. Fla. July 20, 2021). Moreover, trial courts enjoy broad discretion in ruling on Section 1927 motions. *See, e.g.*, *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003) (court reviews sanctions under 28 U.S.C. § 1927 for abuse of discretion).

The Court has reviewed the record, the briefing, and the governing law, and finds no sanctions to be warranted here. The offending counterclaim remained pending for only eleven (11) days, and counsel took a voluntary dismissal within days of receiving a Rule 11 letter. Such conduct is not "tantamount to bad faith." *Cf. Boler v. Space Gateway Support Co. LLC*, 290 F. Supp. 2d 1272, 1285 (M.D. Fla. 2003) (denying Section 1927 sanctions where respondent withdrew the offending pleading within the Rule 11 safe harbor period; noting that movant pursued Section 1927 sanctions as an effort to "salvage" a disappointed Rule 11 claim). Because the Court does not find that attorney DeAgostino multiplied the proceedings unreasonably and vexatiously within the meaning of 28 U.S.C. § 1927, the Motion should be denied.

To the extent Plaintiff seeks sanctions pursuant to the Court's inherent authority, the Court reaches the same conclusion. *See Peer v. Liberty Life Assurance Co. of Boston*, No. 17-CV-80281, 2022 WL 329217, at *5 (S.D. Fla. Jan. 18, 2022), *report and recommendation adopted,* No. 17-80281-CIV, 2022 WL 326491 (S.D. Fla. Feb. 3, 2022) ("Although there are different standards and criteria for establishing bad faith under 28 U.S.C. § 1927 and the Court's inherent authority, it is clear that if the Court lacks discretion to sanction [the attorney] pursuant to 28 U.S.C. § 1927, then the Court also lacks discretion to sanction [the attorney] pursuant to the Court's inherent powers.").

### III.    Recommendation & Notice to the Parties

For the reasons stated above, the undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Sanctions Pursuant to 28 U.S.C. § 1927 (DE 25) be **DENIED**. The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 22nd day of August 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE