UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 9:22-cv-80815-WPD

REEF AZUL, LLC and ROSIBEL
MARTINO

      Plaintiffs,

vs.

STEVEN M. POTTER and NICHOLAS G.
POTTER

      Defendants.

## PLAINTIFFS' MOTION FOR SANCTIONS

Plaintiffs ROSIBEL MARTINO and REEF AZUL, LLC, by and through undersigned counsel, move this Court for entry of an order sanctioning defendants for violating Local Rule 16.2 and requiring a second mediation to be conducted at defendants' expense **with an insurance adjuster present**.  As grounds fort this motion, plaintiffs state:

1.      On August 6, 2022, the Court entered a trial order which, among other things, referred the parties to mediation [DE 34].  Paragraph 6(d) and (g) of the Order in the section entitled "Mediation" provides in relevant part as follows:

> Pursuant to Local Rule 16.2.E, the appearance of counsel and each party or representatives of each party with full authority to enter into a full and complete compromise and settlement is mandatory. **If insurance is involved, an adjuster with authority up to the policy limits or the most recent demand, whichever is lower, shall attend…**
>
> **The Court may impose sanctions against parties and/or counsel who do not comply with the attendance or settlement authority requirements herein who otherwise violate the terms of this Order…**

2.      Local Rule 16.2(e), entitled "Party Attendance Required," provides in relevant part:

>Unless excused in writing by the presiding Judge, all parties **and required claims professionals (e.g., insurance adjusters)** shall be physically present at the mediation conference (i.e., in person if the party is a natural person or by personal attendance of a corporate representative if the party is an entity) with full authority to negotiate a settlement…**Failure to comply with the attendance or settlement authority requirements may subject a party to sanctions by the Court.**

3.      Defendant Steven Potter tendered this claim to his homeowner's insurance carrier and is being defended by an insurance defense attorney (Philip Wiseberg).  The applicable insurance policy is attached.  The policy limits are $1 million.

4.      Per Local Rule 16.2(d)(B), on August 17, 2022, the parties filed a notice designating Patrick Massa as mediator [DE 36].

5.      The parties agreed to mediate on October 28, 2022.

6.      Prior to mediation, plaintiffs served two proposals for settlement totaling $315,000.00

7.      Mediation occurred on October 28, 2022.

8.      Undersigned counsel spent over 40 hours preparing for mediation, which included reviewing documents, researching applicable law and preparing a PowerPoint presentation.

9.      Present at the mediation were:

    a.      Ivan John Kopas (plaintiffs' attorney);

    b.      Rosibel Martino (plaintiff individually and as Manager/Member of Reef Azul, LLC);

    c.      Defendant Steven Potter;

    d.      Defendant Nicholas Potter; and

    e.      Attorney Philip Wiseberg (defendants' insurance defense attorney)

10.    At first, defendant Nicholas Potter failed to appear, but then appeared shortly after the scheduled start time.

11.    Nicholas Potter's attorney Thomas DeAgostino did not appear for mediation.  Mr. Wiseberg confirmed in an email sent to undersigned counsel this morning that he does not represent Nicholas Potter as Nicholas Potter has no coverage.  Accordingly, no one was present to represent Nicholas Potter, whose theory of his liability (unjust enrichment) differs from that of Steven Potter.   At all times relevant, the parties were 50/50 owners of the property at issue -- a fact that was not disclosed to Reef Azul, LLC in 2021, which resulted in Reef Azul, LLC contracting (or attempting to contract) with one co-owner (Steven Potter), but not the other (Nicholas Potter).

12.    <u>**No insurance adjuster for the defendants' carrier appeared at mediation.**</u>[1]

13.    The most remarkable part of the non-attendance of an adjuster is that defendant Steven Potter and attorney Thomas DeAgostino are insurance defense lawyers (<u>see</u> attached).[2]  It defies credulity that **3 insurance lawyers** (Wiseberg, Potter and DeAgostino) with 80+ years of combined legal experience between them did not know that an adjuster needed to attend mediation.

14.    The mediation resulted in an impasse [DE 45].[3]

---

[1]    Counsel for plaintiff had mediation privileged communications with Mr. Wiseberg relevant to this motion and requests the Court to permit counsel to reveal those communications pursuant to 5 U.S.C. § 574(b)(5)(A).

[2]    For his part, Mr. Potter cannot claim ignorance of this requirement in federal court as he recently concluded a lawsuit in the United States District Court for the Eastern District of Michigan (<u>Lachine v. Freepoint Commodities, LLC</u>, Case No.: 2:21-cv-10444), and the local rules there (like here) require the attendance of an insurance adjuster at mediation in cases where insurance is involved.  <u>See</u> E. Dist. Mich. L.R. 16.4(e)(5).

[3]    The mediation report failed to note the non-attendance of Mr. DeAgostino and an adjuster for the carrier as required by Local Rule 16.2(e).

WHEREFORE, plaintiffs ROSIBEL MARTINO and REEF AZUL, LLC move this Court for entry of an order sanctioning defendants for violating Local Rule 16.2, requiring a second mediation to be conducted at defendants' expense **with an insurance adjuster present**,[4] and requiring defendants to reimburse plaintiffs for all attorney's fees and costs incurred preparing for and attending mediation, and for such other and further relief the Court deems just and proper.

## <u>CERTIFICATION PERSUANT TO LOCAL RULE 7.1</u>

I HEREBY CERTIFY that I conferred with attorneys Philip Wiseberg and Thomas DeAgostino in a good faith effort to resolve the issues raised in the motion.  Specifically, on October 28, 2022 and again on October 29, 2022, undersigned counsel contacted opposing counsel by email and provided them with drafts of this motion and my supporting declaration asking them for their position.  Mr. Wiseberg responded that he does not agree with the motion or relief sought. A redacted copy of his email is attached, as it contains mediation privileged material.

Dated: October 31, 2022.

IVAN JOHN KOPAS, P.A.
530 38th Street
West Palm Beach, FL 33407
Telephone: (954) 614-0611
Facsimile: (954) 206-2266

By:     s/IVAN JOHN KOPAS
IVAN JOHN KOPAS
Florida Bar No.: 503711
Email: kopaspa@gmail.com

---

[4]     Plaintiffs further request that the Court order the use of a retired judge to mediate, and respectfully suggest retired Broward Circuit Court Judges Jeffrey Streitfeld, Richard Eade or Thomas Lynch.

 



## Insurance Defense

Potter, DeAgostino, O'Dea & Clark's insurance defense practice is one of the primary focuses of our firm and our clients are some of the world's largest property and casualty insurers. Our insurance defense practice has involved virtually all aspects of personal injury claims including the defense of insurance subrogation claims, products liability, premises liability, construction liability, dram shop and liquor liability, wrongful death and all aspects of no-fault litigation. We are frequently retained to handle claims on behalf of excess carriers.

## Contact Us for a Case Evaluation

To schedule a case evaluation, contact us online or via phone at 248-377-1700.



### Steven M. Potter

Partner

**Phone :** 248-377-1700 x 22

**Email :** spotter@potterlaw.com

**Address :**
2701 Cambridge Court, Suite 223 Auburn Hills, Michigan 48326

## Personal Biography

Steve is a trial lawyer. He has spent his entire legal career in the courtroom where he has tried cases in six different states. Through his national trial attorney experience for a Fortune 500 employment organization, he has appeared as lead counsel in 36 different states. Steve has tried in excess of 250 cases, and received a favorable verdict in 95% of those cases.

As one of Michigan's leading lawyers, Steve has been recognized in the Michigan Super Lawyers and dbusiness Top Lawyer publications and named one of America's Top 100 High Stakes Litigators. He has represented a broad range of corporations, governmental entities, partnerships and individuals in cases involving product liability, medical malpractice, employment law, transportation law and civil rights.

Steve has served as panel, fraud and excess counsel for Chubb Group of Insurance Companies for the past 20+ years as well as numerous other insurance companies. He has also served as Michigan counsel for Schneider Electric and represented the National Hockey League and National Basketball Association in numerous Michigan cases. Steve's civil rights practice involves representing police organizations in Michigan including the Oakland County Sheriff's Office.



## Thomas M. DeAgostino

Partner

📞 **Phone :** 248-377-1700 x 24

✉ **Email :** tdeagostino@potterlaw.com

📍 **Address :**
2701 Cambridge Court, Suite 223 Auburn Hills, Michigan 48326

## Personal Biography

Tom is an AV rated trial attorney with extensive experience in all aspects of civil litigation, including medical negligence, automobile negligence, dram shop, premises liability, civil rights, traumatic brain injury, product liability, commercial contracts, business claims, real estate, civil rights, labor, Will contests and fiduciary claims.

As one of Michigan's leading lawyers, Tom has been recognized as a Michigan Super Lawyer, a dbusiness Top Lawyer and named one of America's Top 100 High Stakes Litigators. He has also been invited to membership in the American Board of Trial Advocates.