UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 22-80815-CIV-DIMITROULEAS/MCCABE

REEF AZUL, LLC and ROSIBEL
MARTINO,

    Plaintiffs,
v.

STEVEN M. POTTER and NICHOLAS G.
POTTER,

    Defendants.
_____/

## REPORT & RECOMMENDATION

THIS CAUSE comes before the Court upon Plaintiffs' Motion for Sanctions ("Motion") (DE 46), which was referred to the undersigned by United States District Judge William P. Dimitrouleas (DE 47). For the reasons set forth below, the undersigned **RECOMMENDS** that the Motion (DE 46) be **GRANTED IN PART and DENIED IN PART**.

**I.    BACKGROUND**

This Motion arises due to the failure of certain persons to attend a mediation that took place on October 28, 2022. The underlying lawsuit involves a billing dispute over the costs to renovate a condominium co-owned by the two Defendants, Steven Potter and Nicholas Potter, who are father and son (DE 52). On June 3, 2022, attorney Phillip Wiseberg, on behalf of both Defendants, removed the case to this Court (DE 1). Later, on July 11, 2022, attorney Thomas DeAgostino, entered a Notice of Appearance as co-counsel for Nicholas Potter, and on July 25, 2022, he entered a Notice of Appearance as co-counsel for Steven Potter (DE 9, DE 13). Attorney Wiseberg, meanwhile, continued to represent both Defendants jointly with attorney DeAgostino.

The operative complaint at the time of mediation alleged five counts, including a defamation count solely against Steven Potter, arising from statements that Steven Potter allegedly made to third parties regarding billing issues (DE 12, Count 4). Because Steven Potter has a homeowners insurance policy, he tendered defense of the lawsuit to his insurance carrier (DE 46 ¶ 3), and the carrier agreed to extend coverage, but only as to the defamation count (DE 49 ¶¶ 3-4).

The parties attempted to mediate this matter by Zoom on October 28, 2022 (DE 45; DE 46 ¶¶ 5, 7; DE 49 ¶ 5). Attorney DeAgostino did not attend the mediation. Likewise, no insurance adjuster attended on behalf of Steven Potter's insurance carrier, apparently due to a scheduling conflict.

This Motion followed.

## II.   ANALYSIS

Plaintiffs seek sanctions due to the non-appearance at mediation of (A) attorney DeAgostino, and (B) an insurance adjuster on behalf of Steven Potter's insurance carrier (DE 46). The Court will address each in turn.

### A.   Attorney DeAgostino

As to attorney DeAgostino, the Court denies the Motion because attorney DeAgostino had no obligation to attend the mediation. Although the Order Referring Case to Mediation required the "appearance of counsel" at mediation (DE 34 at 4), it did not require the appearance of *all counsel*. Likewise, nothing in the Local Rules requires *every attorney* who has entered an appearance for a given party to attend a mediation. Here, both Defendants attended the mediation with one of their joint counsel, attorney Wiseberg. Given that attorney Wiseberg attended, attorney DeAgostino had no obligation to do so.

The Court notes that attorney Wiseberg recently filed a motion to withdraw as counsel for Nicholas Potter (DE 53). In that motion, attorney Wiseberg states that he has been retained by Steven Potter's insurance carrier, and that the carrier has not extended coverage to defend Nicholas Potter (DE 53 ¶¶ 4-5). Regardless, from the moment attorney Wiseberg filed his Notice of Removal on behalf of *both* Defendants, he has been representing *both* as counsel of record under our Local Rules. See S.D. Fla. L.R. 11.1(d)(1) ("The filing of any pleading, written motion, or other paper shall constitute an appearance by the person who signs such paper unless the paper specifies otherwise."). Attorney Wiseberg remains counsel for Nicholas Potter until such time as the Court gives him permission to withdraw from that representation pursuant to Local Rule 11.1(d)(3)(A).

**B.     Insurance Adjuster**

The insurance adjuster is a different matter. Both Local Rule 16.2(e) and the Order Referring Case to Mediation (DE 34 at 4) required the insurance adjuster to attend the mediation. The Court has reviewed the explanations for non-attendance proffered by attorney Wiseberg, and the Court finds them insufficient. Accordingly, the Court finds that sanctions should issue based on the insurance adjuster's non-attendance. See S.D. Fla. L.R. 16.2(e) ("Failure to comply with the attendance ... requirements may subject a party to sanctions by the Court.").

The Court has reviewed the sanctions requested by Plaintiffs, including the attorneys' fees necessary to prepare for the October 28th mediation and to file this Motion. The Court finds these sanctions excessive in light of two factors. First, the insurance adjuster's presence was necessary for only one of the two Defendants, Steven Potter. And even as to Steven Potter, the insurance carrier has extended coverage for only one of the five counts lodged against him, the defamation count. Secondly, according to the response to this Motion, at the start of the Zoom mediation, Plaintiffs' counsel noticed that no adjuster was present and cited the Local Rule requiring the

3

adjuster to be present. Plaintiffs' counsel nevertheless proceeded with the mediation anyway. For this reason as well, the Court recommends the limited sanction set forth in section III below.

**III.     RECOMMENDATION & NOTICE TO THE PARTIES**

For the reasons stated above, the undersigned **RECOMMENDS** that Plaintiffs' Motion for Sanctions (DE 46) be **GRANTED IN PART and DENIED IN PART** as follows:

1. The Motion is **GRANTED IN PART** as follows:

    a. The parties shall conduct a second mediation at a mutually agreed upon date and time, but prior to the expiration of the mediation deadline set forth in the Order Referring Case to Mediation (DE 34) or as otherwise set by the District Court.

    b. The second mediation shall be conducted by the same mediator and in the same Zoom format previously selected by the parties, unless the parties agree otherwise.

    c. Each party shall attend the mediation with at least one lawyer who is counsel of record for that party.

    d. An insurance adjuster must attend the second mediation.

    e. The mediator's fees for the second mediation shall be paid by Defendant Steven Potter.

2. The remainder of the Motion is **DENIED.**

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with United States District Judge William P. Dimitrouleas. Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and

4

Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 17th day of November 2022.

RYON M. MCCABE
U.S. MAGISTRATE JUDGE