UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  22-CV-80815-WPD

REEF AZUL, LLC and ROSIBEL MARTINO,

      Plaintiffs,

V.

STEVEN M. POTTER and NICHOLAS G. POTTER

      Defendants.
_____/

## ORDER APPROVING REPORT OF MAGISTRATE JUDGE; OVERRULING OBJECTIONS; GRANTING IN PART MOTION FOR SANCTIONS

THIS CAUSE is before the Court upon Plaintiffs Rosibel Martino and Reef Azul, LLC (collectively, "Plaintiffs")'s Motion for Sanctions (the "Motion") [DE 46] and the Report of Magistrate Judge Ryon M. McCabe, dated November 17, 2022 [DE 56].  The Court has carefully considered the Motion [DE 46], the Report [DE 56], Plaintiffs' Objection to Magistrate Report/Recommendation [DE 57] ,and is otherwise fully advised in the premises.

A party seeking to challenge the findings in a report and recommendation of a United States Magistrate Judge must file "written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). "It is critical that the objection be sufficiently specific and not a general objection to the report." *Macort*, 208 F. App'x at 784 (citing *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984)). If a party makes a timely and specific

1

objection to a finding in the report and recommendation, the district court must conduct a *de novo* review of the portions of the report to which objection is made. *Macort*, 208 F. App'x at 783-84; see also 28 U.S.C. § 636(b)(1). The district court may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. *Macort*, 208 F. App'x at 784; 28 U.S.C. § 636(b)(1). Accordingly, the Court has undertaken a *de novo* review of the record and Plaintiffs' Objections [DE 57].

In the Report, the Magistrate Judge recommends that this Court enter an Order granting in part Plaintiffs' Motion [DE 46]. Specifically, the Magistrate Judge recommends that the Court enter an Order requiring the parties to engage in a second mediation at a mutually agreed upon date and time no later than the time set forth in the Court's Order Referring Case to Mediation [DE 34], to be conducted by the same mediator and in the same Zoom format previously selected by the parties, unless agreed otherwise. The Magistrate Judge further recommends that the Court require the attendance of: each party with at least one lawyer who is counsel of record for that party; and an insurance adjuster. Finally, the Magistrate Judge recommends that the Court require Defendant Steven Potter to pay the mediator's fees for the second mediation.

Having carefully considered the Objections, and having reviewed the arguments and relevant case law, the Court overrules the Objections. The Court agrees with the analysis and conclusions set forth in Magistrate Judge McCabe's well-reasoned and thorough Report.

First, the Court rejects Plaintiffs' argument that Nicholas Potter was in fact unrepresented at the mediation because attorney Wiseberg was retained as insurance counsel for Steven Potter only. As the Magistrate Judge correctly observed, although the insurance carrier did not extend coverage for Nicolas Potter, "from the moment attorney Wiseberg filed his Notice of Removal

2

on behalf of *both* Defendants, he has been representing *both* as counsel of record under our Local Rules" until such time as "the Court gives him permission to withdraw from that representation." [DE 56] at 3 (citing S.D. Fla. L.R. 11.1(d)(1), (3)(A)). Though attorney Wiseberg was later granted permission to withdraw as counsel for Nicholas Potter, *see* [DE 55], this does not mean that Nicholas Potter was unrepresented at the mediation several weeks prior.

Plaintiffs' remaining arguments merely disagree with the limited sanction recommended by Magistrate Judge McCabe and, particularly, the denial of Plaintiffs' request for attorneys' fees. Upon a *de novo* review, the Court agrees with Magistrate Judge McCabe's conclusion that Plaintiffs' requested sanctions are excessive. As Magistrate Judge McCabe pointed out, "the insurer adjuster's presence was necessary for only . . . Steven Potter," and, in any event, the insurance carrier "extended coverage for only one of the five counts lodged against [Steven Potter]." [DE 56] at 3. Furthermore, it appears that Plaintiffs' counsel proceeded with the mediation despite noticing at the start of the mediation that no adjuster was present. [DE 56] at 3–4. Even considering Plaintiffs' new argument regarding attorney Wiseberg's "de minimis settlement authority," the Court is not persuaded that the additional sanctions Plaintiffs seek are necessary. Thus, the Court finds the limited sanction recommended by Magistrate Judge McCabe appropriate.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Magistrate Judge's Report [DE 56] is **APPROVED**.
2. Plaintiffs' Objections [DE 57] are **OVERRULED**.
3. Plaintiffs' Motion for Sanctions [DE 46] is **GRANTED IN PART** as follows:
    a. The parties shall conduct a second meditation at a mutually agreed upon date

    and time, but prior to the expiration of the mediation deadline set forth in the Order Referring Case to Mediation [DE 34].

  b. The second mediation shall be conducted by the same mediator and in the same Zoom format previously selected by the parties, unless the parties agree otherwise.

  c. Each party shall attend the mediation with at least one lawyer who is counsel of record for that party.

  d. An insurance adjuster must attend the second mediation.

  e. The mediator's fees for the second mediation shall be paid by Defendant Steven Potter.

4. The remainder of Plaintiffs' Motion for Sanctions [DE 46] is **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 6th day of December, 2022.

*[Signature]*

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Counsel of record